Good morning, counsel. Good morning, your honor. May it please the court, my name is Jonathan Baker Johnson and I represent the petitioner DLS Precision Fab in this case. Your honor, as stated in the briefing, we suggest three different issues before the court. The first issue is whether the ALJ properly denied or, I'm sorry, granted summary judgment in the face of the testimony from the petitioner about the good faith efforts that it had made to comply with the prerequisites. And in the face of the testimony from the petitioner about the impact that the proposed penalty would have on its operations and its employees and also on the statute of limitations as applicable to all of the claim violations in the notice of intent to file a complaint. I have just one with respect to Francisco Fernandez that appeared to be unscientific. Other than that, what's your statute of limitations argument? Is there anybody else besides Francisco Fernandez that you think is excluded? Your honor, of the almost 500 people in the complaint, I think he's the only one that makes the claim. I don't think everybody agrees with the claim. Does the government contest that that one was erroneously included? I don't believe the government contests that individual. The real basis for the statute of limitations issue here, and appeal your honor, is the government's contention in the ALJ's agreement that in effect statute of limitations never stops running. The notion that the statute of limitations is told and in conclusion of disciplinary proceeding or enforcement proceeding, we suggest that that's not an obtainable interpretation of any statute of limitations. Why? Because your honor, the after a certain period of time, after an event, and the event at issue is the declaring of an individual without complying properly with the I-9 requirement. Once that event takes place, we suggest your honor that these tax limitations really has to start to run. The government's contention that the statute continues to run until when? Well, those contention is that it goes on forever and ever. That's the interpretation that the ALJ implied, your honor? Because in the sustainment of the ALJ. I'm sorry, your honor. What was the sustainment of the ALJ? The sustainment of the ALJ, your honor, is that the statute does not come to pass until the solution of the enforcement proceeding. That's right. That is forever and ever. There is a conclusion. So I think you overstated what the ALJ said, not specifically with what the ALJ said anyhow. Argue for me, if you would, why that is invalid. The ALJ says that's the law. What law do you cite to show the ALJ is incorrect? Well, your honor, in our view, the phrasing from the ALJ that the statute does not stop until the enforcement proceeding ends necessarily means that the statute is still running today because we're still in the enforcement proceeding. The penalty is not final. The statute continues to run even today. We suggest that that can't be the result of the statutes limitations. We've seen that. What's the law we imply? We can't just go through the air. Your honor, if I write something, it's going to have to do with the CTE something or some of these things of why the ALJ was wrong. Well, your honor, let's go to the statute which states the five years tax limitations commencing on the violation. The violation is the claim to failure to properly fill out the I-9 form or to fill out one at all. That's an event that we, those are events the dates of which we know, and five years from the date that that occurred would be the last date that the government could bring a detainable enforcement action. So we suggest, your honor, it's plain language from the statute itself, five years from the violation. In this case, of the 500 or so individuals claimed to have been improperly handled, we have pointed to several, I can't give the names, your honor, I don't recall the names off the top of my head, but I think in the briefing in front of the ALJ, we identified several whose employment had ended before the five-year period in the statute. And those individuals obviously could not have been the subject of a failure to hire, or I'm sorry, a wrongful hiring or a document violation if they weren't even employed by the petitioner within the five-year period preceding commencement of the case. So, in your position, is time in the individual I-9s all right? In other words, you could have 10 individuals with 10 different I-9s dated in a different time period. In your position, that the statute of limitations runs for five years from the date of the I-9 for an individual, not the group? Yes, your, with respect to, again, the purpose of the statute, of course, is to impose an obligation on the employer with respect to hiring an individual. So, when that individual gets hired, that's the proper time limit to focus on. We don't believe there's any interpretation as to actually how sort of a group violation is, or a group interpretation, as it were. So, that's the gist of our statute of limitations this year, Your Honor. Now, the DALJ said that you didn't properly delegate the statute of limitations, is that correct? Well, that was part of our conclusion, is that we didn't properly delegate it. And I have to say, as I think we pointed out in the briefing we sent into our answer in the record, our explicit answer in the statute of limitations, and the arguments that we made in our opposition to the most intracereme decision, pointing out the questions, in fact, over whether the complaint was done with respect to a certain level of those 500 quarters. When your opposition had that argument, I would look to the Great Brief to see how you could answer the argument. I didn't find it in the Great Brief. Well, Your Honor, I think that if one goes to the answer that we filed, which is, obviously, part of the appendix of the record, we did assert explicitly that the complaint was barred in the Mulder, in part, by the applicable statute of limitations. When the government moved for a summary decision in front of the DALJ, we presented as part of our response the argument and evidence that we believe called into question, or I should say, disputed the assertion that none of these claims were untimely. So I suggest, Your Honor, that the judge, the DALJ, obviously, did not agree with our arguments, which is why we're here. But the fact is that we did assert the defense. She was not persuaded. We suggest that not to be persuaded on a summary decision is certainly a different matter than if she had had a full hearing and heard all the evidence and heard all the testimony and then made a decision as a defining fact. If I could address the issue of the impact of the conditioner's goods data to comply with the statute, Your Honor, because I think that's, I would say, the bulk of the position here is that we did present evidence to the DALJ of the petition's attempt to comply with all provisions of the statute. And she found the company had good faith? Well, in certain respects, she did, Your Honor, but not in the most firm respect, in the sense that she basically accepts the notion that our good faith effort to comply is meaningless for purposes of enforcing the certain provisions of the statute as you find it. Your objection isn't to her finding. Your objection is to how much weight she put on that finding. Well, Your Honor, I think you stated very well which is significant, because we're here on an summary decision, and Judge DALJ, in fact, is considering the evidence and placing certain weight on certain of the evidence, placing less weight on others. We suggest, Your Honor, that at the summary decision stage, that's not an appropriate resolution. Equal to a family, by definition, is going to be weighing different factors. Are you saying you could never have a summary adjudication in the position of a specific client or sole family? Not only, Your Honor. If there were evidence from the government about what the proposed penalty ought to be, and if there were admissions from the employer about what the proposed penalty ought to be, and if we have a concurrence of those facts about what the penalty ought to be, then certainly that's right for summary decision. All that's left is the weighing of factors. I know it's just a summary judgment, but in fact, what's being contested if she acknowledged that you'd been let down, your client had been let down by the person that was hired to be in charge of HR, what evidence is relevant beyond that? She's agreed that you were let down by the guy you were hired, and I'm going to find the company acting in good faith. What is it in the calculation of the penalty stage that lends itself to hearing evidence? Well, I think in the context of calculation of the penalty, if the judge's conclusion is that, as you have characterized, Your Honor, that she agrees with our guy that he was let down on behalf, maybe in terms of calculation of the penalty and in terms of good faith as a factor of calculation of the penalty, maybe that is not, maybe that's not something that can't be disposed of on summary decision. But with respect to his violation itself, Your Honor, we suggest that this statute provides for the affirmative defense of good faith, and we suggest that the ALJ, who basically, in effect, weighed the evidence on that and found us wanting, which is inappropriate of the summary decision's deception, did she say something different? I mean, I just read from her decision. Did she say something that contradicted that in any place else in her decision? I don't recall the specific language that she used in terms of good faith, other than, Your Honor, to recall that what she said was. I credit, as I must, the factual allegation, so I give it as declaration and find that the company acted in good faith, and then goes on. DLS had every reason to be evasive to us by invalidification, so they could carry out its duties responsibly. It just didn't do that. Blah, blah, blah, blah, blah. So, I just don't see anything that says, and I think she could have, frankly, she could have said, look, he may have let you down, but he was your guy. You hired him. I didn't. The government didn't. And that's that. Companies are liable for their patients all the time. But she, in fact, said, you got let down. Your client got let down. And I didn't see anything that said the contrary. I think that this shift, Your Honor, comes from the impact of a finding or a conclusion of good faith on whether there could be a violation. And in a sense, the government argues in the ALG degree that good faith is not a factor for purposes of, certain purposes of an institution. And we vehemently interpret the statute in other, in a way that doesn't make the respondents or petitioners good faith an issue in terms of the efforts to comply with the statute. She basically agreed that the, well, as you quoted, Your Honor, she accepted the representations on good faith, but basically said they don't matter. And we suggest that as a legal matter under the statute, one can't have that interpretation. I'll reserve the remainder of my time. Let me ask a quick question. If I use, she got C and F, I would use a substantial benefit to your client. Did she indicate why she got an F? She, she did. It's not like, she applied a variety of factors. She quoted the size of the employer, the nature of the violations, the lack of a history of violation. Those are some of the factors that the ALG took into consideration, Your Honor. Would you say that was part of your client's decision? We don't, I don't think there's language in her opinion that says we get contact with a crime in the judgement of the building. We suggest that a hearing is appropriate to determine the impact of our good faith on whether this violation and what the penalty is. Well, Your Honor, this is substantial, but I just wondered why she did it. And it sort of lingers there that she's just finding it heinous people. And she indicated that she thought she could thank me. I just wondered whether there was anything more in the statement that I agreed that indicates why she gave such a substantial cut. There's some, there's an extensive discussion of the calculation of the penalty. I don't believe there's a discussion in there about the impact of anything on the penalty. I would suggest, Your Honor, that's still an issue that we're talking about. All right, let's hear from Ms. Nardone as a representative. Yes, thank you, Your Honor. Okay. Good morning, Miami Police Court. My name is Suzanne Nardone, attorney for the Marissa Lawn in the United States. The court should find that the agency is correct in summary judgment that this case was not arbitrary, but preaches foreign abuse and abuse of discretion. This court has held that it's functional in reviewing a grantor's denial of summary judgment in a proceeding under the Administrative Procedure Act is to determine whether or not, as a matter of law, the evidence in the administrative record permitted the agency to make the determination that it did. Here, the court clearly found that the DLS simply did not raise a genuine issue of material threat regarding any of the specific allegations by the government. This is a case concerning employer sanctions under the INA, and the ALJ correctly found that DLS did not raise a tribal issue of threat with regard to any of the 504 of the 508 violations alleged. 489 of those were paperwork violations, and 15 were continuing to employ allocations, alleging that DLS failed to continue to hire persons knowing that they were no longer eligible for employment. But wouldn't there have been at least a factual issue with regard to the essential limitations defense in the government and the fact that its papers conceded as to Fernandez, and yet that was found to be a violation? With regard to the essential limitations, I'll jump to that in front of the argument. The court that administrative law judge made several findings. First, it found that the DLS was not entitled to a hearing on the generally pleaded essential limitations defense because it did not submit a statement of facts required by 28 CFR 68.9C2. It just made a general response to the claims and never submitted any statement of facts regarding any of the alleged persons in the case. Although the government ultimately did concede with regard to Fernandez, Judge Francisco Fernandez, that he may have fallen outside of the essential limitations. You're saying the client says he didn't? He did. He did fall outside of the essential limitations. He was the only person identified, that person who was identified by the government themselves, so they were not defeated in any way by DLS. Secondly, the... So the government was not taking the position in the room of finding that paper that the statutory period did not begin to run in defiance of the penalty that was imposed? Because obviously the public hadn't been imposed by that time. Well, I think that the administrative law judge was on a more narrow sense, and I think that the government made his argument, too, for a look at the essential limitations in a more narrow context. And with regard to the paperwork violations, for example, the duty to retain those documents doesn't extend either three years after the individual's stated or one year after the date of their termination. And the ALJ found that ICE did present evidence with regard to each of the alleged violations, and those persons all fell within that time period. And with regard to the continued to employ violations, also, those run from the date that the employer guards the violation and continue until that person no longer works for the company. But with regard to all of those allegations, with the exception of one, which was the crisis for Fernandez, that ICE had also submitted evidence that all of the persons fell within the essential limitations of AVANAR. Now, I also want to argue, however, that the administrative law judge here also found more broadly, if we were to look at the question of when the essential limitations period runs, there's substantial findings. There's a reasonable basis for the court to hold that 28 U.S.C. 2462 in this type of proceeding that involves an administrative hearing process, that the essential limitations do not accrue until the penalty has been administratively imposed. But that's not consistent with the position the government had taken in its paperwork with regard to Fernandez, because the government said that Fernandez was outside the time period. And obviously, at that point, the penalty hadn't been awarded. So the ALJ's interpretation of the statute appears different from what the government assumed was the proper reading of the statute. I have to say, I find the ALJ's reading of that statute sort of breathtaking, because it would suggest that a claim could be brought by your office at any point in time, because the statute never starts to run until after the ALJ awards a penalty. Could that possibly be correct? Well, Your Honor, I certainly understand that that concern with regard to the essential limitations. Because that's the only way that Fernandez can be caught up in this. Right, correct. And so, I understand your concern with regard to the interpretation of the essential limitations in that regard. However, if you look at the case law on this point, starting with U.S. v. Myers during the First Circuit, that case lays out a very substantial and reasonable interpretation of 28 U.S.C. 2462 in the context, very specific context, of administrative proceedings, when administrative proceedings are provided. And it gives many examples, and I'll look at, specifically, in contrast, the case law... The case law is very specific on the statement the government made. The department concedes the violation for Francisco Fernandez listed above is outside of a limitations period pursuant to 28 U.S.C. 2462 in the United States v. current engineering. So, the position being taken by the government in the filings to the ALJ seems to me to be really understood, Section 2462, in a way different than what's actually interpreted by the ALJ. And that's okay. The ALJ can make up her own mind with regard to the law. But I have difficulty understanding the government's position here today. What was the government thinking 2462 meant at the time of filing this paper? I suggest that that's a more rational interpretation of the statute than what we're hearing today. Well, I think that... I think the rational interpretation of the statute really should follow Meyer and his fraternity, including the General Services, have upheld that standard. And that's only with regard to certain types, again, certain types of proceedings, where there's a circumstance, unlike this one, where statute of limitations in an agency is able to bring a case against a violator at its will, based on its own discretion at any time, then it certainly makes sense to limit the statute of limitations in that kind of case, because the government there can at any time decide to initiate a proceeding and really is going to be in control of the timing. As the Court found in Meyer, however, where the government is limited by an administrative proceeding that's out of its control, as it is under these types of proceedings, it makes... it doesn't make any sense for the statute of limitations to run immediately from the time the violations occurred, because, for example, in a proceeding like this one, where there are I-9s, maybe 50, 100 of them, that have been... there are numerous different violations that are occurring over a period, maybe several years, those... it's very likely that the statute of limitations, by the time the administrative proceeding, which is provided to the respondent, by the time that the entire proceeding is finished, it's very likely that the statute of limitations would have run, but it also creates... In this administrative proceeding, what are you referring to? What is it that has... the Department can't start doing? Well, the Department can. The statute provides that the Department cannot impose its penalty until the penalty is finalized. And that's specifically provided in the statute, I think it's about 1324A. Well, usually limitations periods run until the commencement of the action. In a criminal case, you don't have to obtain a conviction before the limitation period run. You have to start the process, you have to file the indictment, whatever procedure in the given state. In the immigration context, where the limitations period, filing a notice to appear, that's where the limitations period is measured from. Nobody wakes and says, well, it takes the court a while to adjudicate this stuff, the limitation period keeps running. I don't have any problem with that. But I don't understand why, in this context, we should say, well, the clock doesn't start running until the penalty comes out. Because I would suggest, if there were laws in place, you guys could go in tomorrow and charge a violation in 1802 and say that the clock never starts ticking until we actually get an award of a penalty. And that just seems illogical to me. That can't put people in jail. I think that Myra made an incredible distinction that, in cases like this, where it isn't just alleged violations, for example, it's people that are... What stops the government from starting the process? This statute only requires, in these cases, that documents can be maintained for a certain period of time, three years. So really, there's only so much time that those violations that even exist for the government to go out for them in the first place. There's that limitation. And the government also is limited by the fact that once, you know, in contrast to circumstances where the government is just making a discretionary determination to prosecute at any time, in these circumstances, once the government makes the allegations, it's really then out of their hands for a significant period of time during which the respondent is able to proceed throughout this administrative proceeding. There's nothing the government can do during that time period to enforce any of those violations. So that clock continues to run. Why, but why, at least, why didn't you measure it from when the government speaks its allegations or puts it on the table, we're coming after you for acts? Well, the government, and the statute provides that the government needs to get that notice very early, very early on, and then there's a significant process that happens after that, and has an opportunity to appeal them also. But doesn't that go right back to what the colleague said? I mean, the reality is when, in this case, ICE makes a charge, as for certain information, why doesn't that basically, that's where the statute is when you start your proceeding, it just can't go on indefinitely. By the logic, if I understand what you're saying, Fernandez would still be on this, there would be no reason, and even so would the other, the people who had left the employ, if you have what you need more than five years before. It doesn't make any sense. Well, my report found that there were, that just, again, specifically with regard to these types of proceedings, that the concern that there's going to be, that a document's a gross sale or discarded is really unlikely, and the fact that the government simply doesn't have, in these types of cases, an incentive to let these cases linger for years, and again, there's concern in these types of cases also that if you were to allow the statute limitations to run during this entire administrative process, it's really out of the hands of the government and in the hands of the filers. But it's really not, the government really is the leading or, if it wants to act, it can act, the Congress has made a determination that is going to hold at a certain point the government's interpretation of the statute of limitations, which as I understand it, makes no sense, you can't go on indefinitely, I agree with my colleague, that there has to be, when you file something, then you don't have to worry about it anymore, it's done within the five-year period, but you just can't let it drag on indefinitely as long as there's a proceeding underway. Well, Your Honor, even under the more narrow interpretation of the statute of limitations, the government would, or the court's claim that the ALJ currently found that the press, the allegations with the exception of this one allegation fell within the statute of limitations. So, how do I, in this case, you're saying whatever the government's going to say and with respect to the statute of limitations elsewhere, that's not a problem here except with respect to Fanon, is that your position? It's only I with respect to Fanon, this is not the issue, yes, Your Honor. Let me ask you a question, I want to make sure we've got a look before we go up to the Hill, if I understand the government's position in this case, is that the DLS found that it adequately breached the statute of limitations? That's correct. And is that your number one issue? Yes. If I understand you correctly, that's the number one issue, if we don't, it means that this has to be missed or decided because it isn't in the case. That's correct, Your Honor, it was not pled, and that was the first finding of the administrative law judge, was that this generally pleaded statute of limitations defense, where the DLS did not submit a statement of facts, it's required under 28 CFR, CT 8.9, CT 2, and it really ended there. They simply did not, did not raise a genuine issue of a true effect with regard to any of the statute of limitations that were. And the AO3 said to the position that that issue is really not relevant to her decision because it wasn't directly brought to her as required by the statute. Yes, that's correct, Your Honor. I would like to next address the issue of good faith. The, I'll just put this here while I have time here. The company DLS would have, would like to argue, has tried to argue that they are entitled to a good faith defense on the issue of liability. And with regard to the two different provisions that provide for a good faith defense, BUSC 1324A-A3 and BUSC 1324A-B6, the statutory language itself makes clear that those, that good faith defense simply is not applicable here because, number one, they're only, they only point to knowing higher value violations, none of which were brought against DLS. DLS was only charged with continuing higher violations, and those do not, cannot take, cannot take advantage of the good faith defense under ATSC 1324A. I didn't mean to interrupt you, but you used up your time. We're over to the, you're in the, you're in the community here, so. Thank you, Chief. Thank you very much, and for your brief as well. I think your opponent has a little brief other time here. Thank you, Your Honor. I, I, I just want to emphasize, I think, the, the, this tax limitations analogy or example that counsel presented really hits, hits you on the nose. The example was a failure to maintain documents for three years. That's what the statute requires, three years of maintaining records. Well, the government could come in today and say, we have learned that you didn't maintain records 20 years ago, and we're going to fine you today. We're going to start the lawsuit today, and this tax limitation doesn't start to run on the, until the conclusion that we're seeing. We suggest that's just an untenable interpretation of the statute, Your Honor. Thank you. Thank you, Your Honor. I didn't find in your brief a response to the basic issue I was raising, that you didn't properly raise the statute of limitations. The ALJ found an issue relevant. What was your response to that? Your Honor, in, in, in the case below, we, we, we had our, we, we filed our answer. We started the proceedings. The, the next thing that happened was we received the medicine for summary decision, and we responded to it with sworn testimony that we felt raised, presented as a legitimate issue of fact over this tax limitations issue. So, and, and what did she rule? She, she ruled we failed to properly plead the defense, and that, Because of the statute. I'm sorry. It is required for the statute of limitations. Then we plead that as a defense, and she, she ruled that somehow we failed to properly plead it, and that our evidence was irrelevant anyway, because the statute never stops running. But she did, she did indicate we have one AMA mistake. In her view of not pleading the statute of limitations, I should find in your brief, or in your reply brief, your response to her position on that issue. I, I, forgive you, Your Honor, I, I'm biting on the content of my own brief. I, I'll read, read your brief to make sure. Thank you, Your Honor. Thank you both for your argument. We appreciate it. The case disargument is submitted.
judges: Wallace, Clifton, M. Smith